UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA MIRO,<br>    *Plaintiff*,<br><br>    v.<br><br>CITY OF BRIDGEPORT,<br>    *Defendant*. | No. 3:20-cv-346 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Lisa Miro ("Plaintiff") has sued the City of Bridgeport ("Defendant"), asserting claims for sex-based employment discrimination under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act ("CFEPA"). *See* Am. Joint Suppl. Trial Management Report, ECF No. 191 ("Am. Joint Trial Mem.").

In advance of trial, the City of Bridgeport has filed a motion to dismiss Ms. Miro's CFEPA claim for lack of subject matter jurisdiction and a motion to add a statute of limitations affirmative defense. *See* Def.'s Mot. to Dismiss Pl.'s State Fair Employment Practices Claims, ECF No. 197 ("Mot. to Dismiss"); Def.'s Mot. to Suppl. Am. Trial Mem., ECF No. 195 ("Mot. to Amend").

For the following reasons, the City of Bridgeport's motion to dismiss is **GRANTED**. Ms. Miro's CFEPA claim is dismissed for lack of subject matter jurisdiction.[1]

Because Ms. Miro's CFEPA claim is dismissed, the City of Bridgeport's motion to add a statute of limitations affirmative defense is **DENIED as moot**.

---

[1] In Ms. Miro's opposition to the City of Bridgeport's motion to dismiss, her counsel states that he "was able to confirm that the CHRO initially received the Plaintiff's request for a Release of Jurisdiction in December 2019" and that he "was informed by the CHRO that the individual familiar with the Release of Jurisdiction issue was out of the office and due to return on Monday, August 7, 2023." Pl.'s Obj. to Def.'s Mot. to Dismiss at 2, ECF No. 205. If Ms. Miro obtains new information from the CHRO that affects the issues discussed in this Ruling and Order, the Court may revisit its ruling at that time.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Court presumes the parties' familiarity with the factual and procedural history of this case and addresses only the aspects relevant to the pending motions.

On July 25, 2023, the City of Bridgeport filed a motion to supplement its trial memorandum to add a statute of limitations affirmative defense. Mot. to Amend.

At the pre-trial conference on August 3, 2023, counsel for the City of Bridgeport indicated to the Court that Ms. Miro's failure to produce a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which gave rise to the City of Bridgeport's asserted statute of limitations defense, also raised a question about the Court's subject matter jurisdiction over Ms. Miro's CFEPA claim. *See* Min. Entry, ECF No. 198. The Court then directed the parties to submit briefing addressing the subject matter jurisdiction issue.

Later that day, the City of Bridgeport filed a motion to dismiss Ms. Miro's CFEPA claim. Mot. to Dismiss.

The next day, on August 4, 2023, Ms. Miro filed an opposition to the City of Bridgeport's motion. Pl.'s Obj. to Def.'s Mot. to Dismiss, ECF No. 205 ("Opp'n").

II.     **STANDARD OF REVIEW**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The Court may also, however, resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

A motion to dismiss for lack of subject matter jurisdiction may be raised at any point during the adjudication of the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

Under Connecticut law, exhaustion of administrative remedies is a prerequisite to the Court's exercise of jurisdiction over a CFEPA claim. When a plaintiff "fail[s] to follow the administrative route that the legislature has prescribed for [her] claim of discrimination, [she] lacks the statutory authority to pursue that claim in the Superior Court." *Sullivan v. Bd. of Police Comm'rs*, 196 Conn. 208, 216 (1985). More specifically, the CFEPA provides that "[n]o action may be brought . . . unless the complainant has received a release from the [CHRO] in accordance with the provisions of this section." Conn. Gen. Stat. § 46a-101(a). "Following Connecticut precedent, the courts of this District have concluded that, unlike in the Title VII context, exhaustion of administrative remedies *is* to be treated as a jurisdictional requirement for a plaintiff's CFEPA claim, and duly have held that no CFEPA claim may be heard by the District

Court absent a release of jurisdiction by the CCHRO." *McVay v. Stefanou*, No. 3:20-cv-00764 (CSH), 2021 WL 3260852, at *8 (D. Conn. July 30, 2021).

In "exceptional circumstances," however, a plaintiff "may bypass administrative remedies in favor of direct judicial action." *Sullivan*, 196 Conn. at 216. Thus, "[r]esort to administrative remedies is not required when the administrative remedy is plainly inadequate" or "when the issue presented for adjudication is beyond the competency of the agency to determine." *Id.* at 217.

Here, although Ms. Miro alleged in her Complaint that she obtained a release of jurisdiction from the CHRO, she has not produced one in response to the City of Bridgeport's requests. *See* Mot. to Dismiss at 1. Thus, the City contends, Ms. Miro's CFEPA claim must be dismissed for lack of subject matter jurisdiction. *See id.*

In response, Ms. Miro does not dispute the City of Bridgeport's assertion that she never received a release of jurisdiction from the CHRO. Instead, she notes that she requested a release of jurisdiction after receiving notice of the CHRO's final agency action on December 12, 2019. *See id.* at 2.[2] Ms. Miro argues that courts have allowed plaintiffs to pursue CFEPA claims in court as long as the plaintiff made a good faith attempt to have their claims resolved by the CHRO. *See id.* She contends that she made such an attempt here and that the motion to dismiss should be denied. *See id.*

The Court disagrees.

---

[2] On December 12, 2019, the CHRO issued a notice of final agency action advising Ms. Miro that her complaint had been "Dismissed for NO Reasonable Cause – On The Merits" and that her case had been closed. Ex. B to Mot. to Amend, ECF No. 195-1 at 5. Later that day, Ms. Miro responded by e-mail to ask when she could expect to receive a "Right to Sue letter." *See* Ex. A to Opp'n, ECF No. 205 at 6. A few weeks later, on January 3, 2020, Ms. Miro signed a notarized release of jurisdiction request form. *See* Ex. B to Opp'n, ECF No. 205 at 8. Counsel for Ms. Miro represented in Ms. Miro's opposition that the CHRO confirmed that it initially received her request for a release of jurisdiction in December 2019. *See* Opp'n at 2.

4

If Ms. Miro could show that the CHRO was required to issue her a release of jurisdiction and nonetheless failed to do so, her case might qualify as one of the "exceptional circumstances" in which strict compliance with Connecticut General Statutes section 46a-101 is not required. *See Sullivan*, 196 Conn. at 216. But Ms. Miro does not argue that the CHRO was required to issue a release of jurisdiction in response to her request. Nor does she identify any provision of Connecticut law that entitles a CFEPA claimant to seek *de novo* review in the courts after the CHRO dismisses a case on the merits based on a finding of "no reasonable cause." *See White v. Comm'n on Hum. Rts. & Opportunities*, 198 F.3d 235 (2d Cir. 1999) (unpublished table decision) (affirming dismissal of a CFEPA claim when the plaintiff failed to obtain a release of jurisdiction after receiving a no reasonable cause finding and concluding that the plaintiff "has provided an inadequate basis for his conclusion that the CHRO must provide a release when it dismisses a complaint").

Section 46a-101(b) allows a claimant to "request a release from the commission if the complaint is still pending after the expiration of one hundred eighty days from the date of its filing. But Ms. Miro's complaint was not "still pending" after the CHRO issued its notice of final agency action, which stated that "the complaint has been closed today." Ex. B to Mot. to Amend, ECF No. 195-1 at 5; *see also Grande v. Hartford Bd. of Educ.*, No. 19-cv-00184 (KAD), 2020 WL 70815, at *4 (D. Conn. Jan. 7, 2020) (noting that the plaintiff attempted to rely on the quoted language from section 46a-101(b) but failed to "address at all the issuance a release after the CHRO has rendered a decision"). As the court in *Grande* noted, "there does not appear to be either a statutory or regulatory procedure for obtaining a release of jurisdiction once the agency

5

has issued a final decision." *Grande*, 2020 WL 70815, at *4.³ Although a CHRO regulation "sets forth the circumstances under which the CHRO is required to issue a release of jurisdiction—for example, where the complaint is dismissed following an initial case assessment review, [it] says nothing about the issuance of a release after a 'Finding of No Reasonable Cause' has been rendered. *Id.* at *4 n.3 (citing Conn. Agencies Regs. § 46a-54-66a(c)).

Similarly, other courts have noted that a CFEPA plaintiff has properly exhausted their claim when, *inter alia*, "a finding of no reasonable cause by the CHRO has been overturned either on reconsideration by the agency or by appeal to the Connecticut Superior Court." *Hultgren v. First Fid. Bank*, No. 3:95-cv-2510 (AHN), 1997 WL 766879, at *6 (D. Conn. Dec. 2, 1997) (citing Conn. Gen. Stat. § 46a-101; and *Sullivan*, 196 Conn. at 215–16); *see also Gorman v. Hughes Danbury Optical Sys.*, No. 3:93-cv-2163 (WWE), 1998 WL 164765, at *5 (D. Conn. Mar. 13, 1998) (same), *vacated in part on reconsideration on other grounds*, 1998 WL 327174 (D. Conn. June 17, 1998). These cases indicate that a claimant who receives a no probable cause finding on the merits is limited to seeking reconsideration from the CHRO or filing an administrative appeal to the Connecticut Superior Court.⁴ *See White*, 198 F.3d 235, at *2 ("The plaintiff's pursuit of an administrative determination by the CHRO did not, as he contends, deny

---

³ Like Ms. Miro, the plaintiff in *Grande* sent an e-mail to the CHRO indicating that he was "awaiting my release of jurisdiction letter." 2020 WL 70815, at *4. A CHRO employee responded that "you cannot request for a release of jurisdiction on a closed case." *Id.* The plaintiff also represented to the *Grande* court "that his counsel also contacted the CHRO investigator, who confirmed that a release of jurisdiction is not issued after a 'Finding of No Reasonable Cause'" and that the plaintiff's "complaint was no longer pending" with the CHRO once he "received the 'final determination of No Reasonable Cause.'" *Id.* at *4 n.3.

⁴ Another statutory provision requires the CHRO to issue a release of jurisdiction "[i]f a complaint is dismissed for failure to accept full relief pursuant to subsection (m) of section 46a-83, and the complainant does not request reconsideration of such dismissal." Conn. Gen. Stat. § 46a-83a. Here, however, Ms. Miro's complaint was dismissed under section 46a-38(g)(1), which directs CHRO investigators to "make a finding of reasonable cause or no reasonable cause in writing" after conducting an investigation under section 46a-38(f). *See also Gur v. Nemeth-Martin Pers. Consulting, Inc.*, No. CV-98-0331118-S, 2001 WL 357356, at *4 (Conn. Super. Ct. Mar. 20, 2001) (noting that a prior version of section 46a-83a also did not require the CHRO to issue a release of jurisdiction after a dismissal on the merits for "no reasonable cause").

him access to the courts; the plaintiff had the right to appeal any dismissal of his complaint to the courts under Conn. Gen. Stat. Ann. § 46a-94a.").

There is an exception to the CFEPA's general exhaustion requirement "when the administrative remedy is plainly inadequate." *Sullivan*, 196 Conn. at 217. In this case, Ms. Miro seeks remedies such as damages for emotional distress and attorney's fees that the CHRO could not have awarded. *See Bridgeport Hosp. v. Comm'n on Hum. Rts. & Opportunities*, 232 Conn. 91, 101 (1995) (concluding that the CHRO does not have authority to award attorney's fees or compensatory damages other than back pay).

"A split of authority exists within the [Connecticut] Superior Court as to whether a cause of action seeking compensatory and punitive damages and attorneys fees constitutes an exception to the exhaustion doctrine because it seeks relief that the CHRO does not have authority to award." *Kennedy v. Comcast Cablevision of New Haven*, No. CV-98-0415210-S, 2000 WL 640277, at *3 (Conn. Super. Ct. Apr. 19, 2000). "Some courts have held that exhaustion of administrative remedies is not required when the plaintiff seeks compensatory and punitive damages." *Okun v. Misiewicz*, No. CV-98-67084-S, 2001 WL 985060, at *4 (Conn. Super. Ct. July 31, 2001). "Other decisions have ruled, however, that the exhaustion of administrative remedies is unnecessary when the plaintiff seeks compensatory and punitive damages under the CFEPA *only* if the plaintiff made a good faith attempt to file a complaint with the CHRO before filing the complaint in Superior Court." *Id.* It is this second category of decisions that Ms. Miro urges the Court to follow. *See* Opp'n at 2–3 (citing *Dinegar v. Univ. of New Haven*, No. CV-95-0378256-S, 1997 WL 666766, at *7 (Conn. Super. Ct. Oct. 16, 1997); *Kennedy*, 2000 WL 640277, at *3; and *Denning v. Admarket Int'l*, No. CV-97-343964-S, 1998 WL 437344, at *2 (Conn. Super. Ct. July 1, 1998)). A third line of Superior Court cases "has determined that,

7

although the plaintiff seeks compensatory and punitive damages, the plaintiff must still file a complaint with the CHRO *and* obtain a release from the CHRO prior to filing a complaint in Superior Court." *Okun*, 2001 WL 985060, at *4.

Recognizing this split, courts in this District have followed the latter set of decisions. *See Catalano v. Bedford Assocs., Inc.*, 9 F. Supp. 2d 133, 135 (D. Conn. 1998) ("The better reasoned cases hold that a plaintiff must pursue his claim through the CHRO if the CHRO can provide some, even if not all, of the requested relief."); *White v. Martin*, 23 F. Supp. 2d 203, 206 (D. Conn. 1998) (same), *aff'd sub nom. White v. Comm'n on Hum. Rts. & Opportunities*, 198 F.3d 235. In *Catalano*, the court rejected the plaintiff's argument that "a release is not required because his complaint to the CHRO was dismissed." 9 F. Supp. 2d at 135. Similarly, in *Grande*, the court declined to adopt the plaintiff's conclusion that, because there "does not appear to be either a statutory or regulatory procedure for obtaining a release of jurisdiction once the agency has issued a final decision," thus, "by negative implication, no release is required." 2020 WL 70815, at *4; *see also Ghaly v. Simsarian*, No. 3:04-cv-01779 (AWT), 2009 WL 801636, at *6 (D. Conn. Mar. 26, 2009) ("But by filing a second CHRO complaint specifically presenting these claims, Ghaly submitted these claims to the jurisdiction of the CHRO and therefore needed to obtain a release of jurisdiction before filing an action based on them. She did not obtain a release of jurisdiction [after the claims were dismissed based on a no reasonable cause finding], so the court does not have subject matter jurisdiction over this claim.").

As Connecticut courts have recognized, these decisions requiring a release of jurisdiction even for claims that were dismissed "follow the clear and unambiguous language of General Statutes §§ 46a-100 and 46a-101." *Okun*, 2001 WL 985060, at *4; *see also Brightly v. Abbott Terrance Health Ctr., Inc.*, No. CV-98-0148584-S, 2001 WL 256228, at *2 (Conn. Super. Ct.

8

Feb. 27, 2001) ("The language of §§ 46a-100 and 46a-101(a) appears to be clear and unambiguous in requiring plaintiffs to procure a release from the CHRO prior to initiating a private cause of action in the Superior Court."). These provisions "cannot be construed as having been enacted merely for the sake of convenience." *Cross v Larosa*, No. CV-96-0477442-S, 1998 WL 46222, at *8 (Conn. Super. Ct. Jan. 13, 1998). Instead, the restrictions on bringing *de novo* civil actions after the CHRO has adjudicated a case on the merits appears to be "the essence of the purpose to be accomplished." *Id.* (quoting *Angelsea Prods., Inc. v. Comm'n on Hum. Rts. & Opportunities*, 236 Conn. 681, 690 (1996)). The mandatory nature of the release requirement is reinforced by the legislature's provision of other avenues for review, either reconsideration by the CHRO or administrative appeal to the Superior Court. *See White*, 198 F.3d 235, at *2 (noting that the plaintiff's "pursuit of an administrative determination by the CHRO did not, as he contends, deny him access to the courts" because he had "the right to appeal any dismissal of his complaint to the courts"); *Grande*, 2020 WL 70815 ("Given this alternative path to judicial review of the CFEPA claims, it is logical that the legislature would not provide a procedure to obtain a release of jurisdiction for purposes of pursuing a *de novo* hearing of those claims after they had received a full hearing on the merits.").

Thus, because Ms. Miro has not obtained a release of jurisdiction under section 46a-101(a) and has not established that the unavailability of compensatory damages and attorney's fees qualifies as an exceptional circumstance under *Sullivan*, she has not exhausted her administrative remedies and the Court lacks jurisdiction over her CFEPA claim.

Accordingly, the Court will grant the City of Bridgeport's motion to dismiss.

IV.     **CONCLUSION**

For the foregoing reasons, the City of Bridgeport's motions to dismiss is **GRANTED**. Ms. Miro's CFEPA claim is dismissed for lack of subject matter jurisdiction.

Because Ms. Miro's CFEPA claim is dismissed, the City of Bridgeport's motion to add a statute of limitations affirmative defense is **DENIED as moot**.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of August, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE