# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA MIRO** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **3:20-CV-00346-VAB** |
| | : | |
| **V.** | : | |
| | : | |
| **CITY OF BRIDGEPORT** | : | **AUGUST 25, 2023** |
| | : | |
| **Defendant** | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE ATTORNEY'S FEES AND LITIGATION COSTS

The Plaintiff Lisa Miro, by her counsel, submits this memorandum in support of her petition for an award of reasonable attorney's fees pursuant to 42 U.S.C.A. Section 2000e-5(k) and litigation costs.

## I. INTRODUCTION

On August 11, 2023, the Jury, after trial entered a compensatory damage award to the Plaintiff in the amount of $140,000.00 which verdict was accepted by the Court on August 11, 2023. The judgment provided for damages for the Plaintiff who had been sexually harassed and terminated from her employment in violation of Title VII of the Civil Rights Act of 1964. Plaintiff now petitions the Court for an award of reasonable attorney's fees in the amount of $89,880.00 and litigation costs.

## II. PROCEDURAL BACKGROUND

There were no procedural shortcuts taken in the litigation of the instant

1

case. As the following procedural summary reflects, the case proceeded sequentially through discovery, motion practice including two motions to dismiss and a motion for summary judgment and then to trial.

The case was commenced by Plaintiff as Pro Se on March 13, 2020. The case originally alleged violation of Title VII claims. Counsel for Plaintiff entered an appearance in September 10, 2021. After filing of Plaintiff's counsel's appearance discovery was conducted and completed. Depositions were taken of the Plaintiff, Lisa Miro, and John Ricci, Thomas Bucci and Tara Romano. The deposition of the Plaintiff was held over the course of three (3) non-consecutive days. In addition to discovery in the form of depositions, written interrogatories and requests for production were completed.

In addition to depositions and interrogatories and requests for production, the Defendants filed a motion for medical examination of the Plaintiff.

The Defendants filed two motions to dismiss dated March 9, 2021 and April 27, 2022. The Court in response to Defendants' second motion to dismiss only dismissed the Plaintiff's claims alleging retaliation. Subsequently, the Defendant filed a motion for summary judgment on or about September 7, 2022. The Court denied Defendant's motion for summary judgment.

Since the Court denied Defendant's motion for summary judgment with regard to the Plaintiff's claim, the matter proceeded to trial with all necessary preparation of witnesses, exhibits, and voir dire. Jury selection took place on August 7, 2023. The case proceeded to trial on liability and damages on August

7, 8, 9, 10 and 11, 2023.  Jury deliberations commenced and concluded on

August 11, 2023.  The Plaintiff's case was tried by counsel, John T. Bochanis.

### III. PLAINTIFF IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES.

The enforcement provision of Title VII provides that the prevailing party in

an employment discrimination case may be awarded reasonable attorney's fees

at the discretion of the court.  42 U.S.C.A. Section 2000e-5(k).  Under Title VII's

enforcement provision, "a prevailing *plaintiff* ordinarily is to be awarded attorney's

fees in all but special circumstances."  Christiansburg Garment Co. v. E.E.O.C.,

434 U.S. 412, 417, 98 S.Ct. 694, S4 L.Ed. 2d 648 (1978) (emphasis in original).

Two main policy reasons justify the routine award of prevailing plaintiff attorney's

fees in civil rights cases.  First, the plaintiff acts as "a 'private attorney general,'

vindicating a policy that Congress considered of the highest priority."  Id. at 416.

Private suits play a crucial role in the effective operation of Title VII by

"accomplishing the desired public objective of eradicating discrimination." Kutska

v. California State College, 564 F.2d 108, 110 (3rd Cir. 1977)  As the Supreme

Court explained, prevailing plaintiffs should be routinely awarded fees because

"[i]f successful plaintiffs were routinely forced to bear their own attorney's fees,

few aggrieved parties would be in a position to advance the public interest."

Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S. Ct 964, 19 L

Ed. 2d 1263 (1968).  Second, when a court awards attorney's fees to a prevailing

plaintiff, it is awarding them against a violator of federal law.  Christiansburg, 434

U.S. at 420.

As the prevailing party in this action, the plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. Section 2000e-5(k); and Federal Rule of Civil Procedure 54(d) (for costs).  In civil rights litigation, plaintiffs are considered "prevailing" if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The principal Congressional objective in providing for reasonable attorneys' fees in civil rights litigation was to provide an incentive to competent attorneys to accept these difficult but socially important case on a contingent fee basis. Competent representation is required for Plaintiffs in this complex area of law, particularly against large employers with significant economic resources. These types of cases can be, and often are, lost with no recovery made.  The results of such a loss can be catastrophic for both the client and a small firm where there has been a substantial expenditure of time and expense.  Therefore, when a case is successful, the attorneys' fees award must reflect these economic realities.

In Hensley v. Eckerhart, 461 U.S. 424, 103, S.Ct, 1933, 76 L.Ed.2d 40 (1983), the Supreme Court set out the general approach that district courts should follow in determining what amount constitutes a "reasonable" fee within the meaning of a civil rights action and other federal fee-shifting statutes:

> "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." 461 U.S. at 433, 103 S.Ct at 1939.

4

Calculation on this basis is generally referred to as the "lodestar" see, e.g.
Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546,
563, 106, S.Ct, 3088, 3097, 92 L.E.2d 439 (1986), requires the court to
determine the number of hours reasonably spent on the litigation.

Calculation of the lodestar also requires the court to determine the
"prevailing market rates" for the type of services rendered, Blum v. Stenson, 465
U.S. 886, 895, 104, S.Ct, 1541, 1547, 79 L.Ed.2d. 891 (1984), i.e., the "fees that
would be charged for similar work by attorneys of like skill in the area," Cohen v.
West Haven Board of Police Commissioners, 638 F.2d, 506 (2d. Cir. 1980); see
generally In re Continental Illinois Securities Litigation, 962 F.2d. 566, 568 (7th
Cir. 1992) (district court must "determine what the lawyer would receive if he
were selling his services in the market rather than being paid by court order.")

The amount of Plaintiff's fee entitlement must be determined according to
the well-established lodestar calculation method.  See, e.g. Hensley v. Eckerhart,
461 U.S., 424, 433 (1983); People Who Care v. Rockford Bd. of Educ., 90 F.3d
1307, 1310 (7th Cir. 1996) (The "lodestar" method . . . is the most appropriate
starting point.") Bankston v. Illinois, 60 F. 3d 1249, 1255 (7th Cir. 1995);
Eddleman v. Switchcraft, Inc., 927 F2d. 316, 318 (7th Cir. 1991).  Under this
method, the reasonable hours devoted to the litigation are multiplied by a
reasonable hourly rate to arrive at a base hourly recovery, or "lodestar".
Chraoliwy v. Uniroyal, Inc., 670 F.2d 760, 765 (7th Cir. 1981).

**IV. THE ATTORNEY**

From the beginning of the action, the defense aggressively contested each issue including filing two Motions to Dismiss and a Motion for Summary Judgment.  The Defendant also filed 12 motions in limine.  As a consequence of the degree of adversariality, Plaintiff's counsel had to research extensively, draft and prepare legal memoranda.  The Plaintiff at trial was represented by one attorney, the Defendant had two trial attorneys.

Plaintiff's counsel John T. Bochanis was first admitted as an attorney to practice in the State of Connecticut on November 1, 1984.  Attorney Bochanis was admitted to the District of Connecticut on December 5, 1984, before the Court of Appeals for the Second Circuit on February 5, 1985 and before the United States Supreme Court on June 6, 1994. Attorney Bochanis has previously tried multiple employment law cases before the United States District Court for the District of Connecticut and State of Connecticut Superior Court, and is involved in a variety of labor and employment law cases pending before both the State of Connecticut Superior Court and the United States District Court for the District of Connecticut, State of Connecticut Commission on Human Rights and Opportunities and US Equal Employment Opportunity Commission.  Attorney Bochanis has also briefed and argued multiple appeals including employment law issues before the U.S. Court of Appeals for the Second Circuit, State of Connecticut Appellate Court and Supreme Court. (Otero v. Bridgeport Housing Authority, 297 F.3d 142 2nd. Cir. (2002); Desrosiers v. Diageo North America, Inc. 314 Conn. 773 (2014))

Plaintiff's counsel's hourly rate is $400.00 per hour. The hourly rate is reasonable for this type of case. The Plaintiff's hourly rate is a prevailing rate in the community and is similar to rates charged by attorneys for similar services of to reasonably comparable skills and experience. Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463 (1989). A $500.00 hourly rate has been awarded by courts in this district as an appropriate rate for lead counsel with decades of experience. See e.g. Goff v. Chivers, No. 3:15-cv-00722 (SALM), 2017 WL 2896022, at *2 (D. Conn. July 7, 2017) (adopting $500.00 rate for attorney with extensive experience in field); Rinaldi v. Laird, No. 3:14-cv-00091 (JAM) 2017 WL 2616921, at *2 (D. Conn. June 16, 2017) (same); CSL Silicones, Inc. v. Midsun Grp. Inc., No. 3:14-cv-01807 (CSH), 2017 WL 1399630, at *4 (D. Conn. Apr. 18, 2017) (awarding $500.00 per hour for lead attorney in intellectual property case).

Plaintiff's counsel has provided an affidavit pertaining to his hourly rate. In addition, an affidavit by Attorney Frank Burke has also been attached reflecting the prevailing market rate for attorneys of comparable skill, experience and reputation. In addition, the court may look to evidence of what a client is willing to pay and should use current rates rather than historic ones. Parris v. Pappas, 884 F.Supp. 2d 262, 266 (D.Conn. 2012)

## V. DETERMINATION OF THE LODESTAR

In Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S. Ct. 1662 (2010), the United States Supreme Court examined the interpretation and calculation of attorneys' fees under "federal fee-shifting statutes" that calculate awards using the "lodestar" method. The Court noted the similarity of all fee-shifting statutes,

and laid out the "important rules" for calculating a "reasonable" fee under them. Id. at 1671 n.3, 1672-1673.

Specifically, a "reasonable fee" must be sufficient to "induce a capable attorney to undertake the representation of a meritorious" case. Id at 1672;

The "lodestar" method for determining a fee is "presumptively sufficient to achieve this objective", as a properly calculated lodestar includes "most, if not all, of the relevant factors constituting a 'reasonable attorney's fee'". Id. at 1673;

The relevant factors for calculating the lodestar include, but are not limited to: the novelty and complexity of the litigation, the skill and experience of the attorney, the overall quality of the representation, and the understanding that payment of fees will generally not come until the end of the case, if at all. Id. at 1673, 1675;

A lodestar-based fee can be "enhanced" in "exceptional" circumstances that the lodestar "did not adequately take into account." Id. at 1669, 1673.

In Rinaldi v. Laird, 2017 WL 2616921 (D. Ct., June 16, 2017) the court held that a prevailing party in a civil rights lawsuit "should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust." (Citing Lefemine v. Wideman, 133 S. Ct. 9, 11 (2012) (per curiam). The Court must determine a presumptively reasonable fee, based on a reasonable hourly rate and the number of reasonably expended hours. See e.g. Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289-90 (2d. Cir. 2011). To determine the reasonable number of hours and whether the requested compensable hours should be subject to reduction,

the Court also considers "the degree of success obtained by the plaintiff".

Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 152 (2d Cir.

2008) (internal quotation marks and citation omitted), as well as the following

factors:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The skill requisite to perform the legal service properly;

4. The preclusion of other employment by the attorney due to acceptance
   of the case;

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or the circumstances;

8. The amount involved and the results obtained;

9. The experience, reputation and ability of the attorneys;

10. The "undesirability" of the case;

11. The nature and length of the professional relationship with the client;

12. Awards in similar cases.

U.S. Football League v. Nat'l Football League, 887 F2d 408, 415 (2d Cir.

1989); see also  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of

Albany and Albany County Bd. of Elections, 522 F.3d 182, 186 n.3, 190 (2d. Cir.

2008) (same).

The Supreme Court made clear that these rules apply generally to "federal

fee shifting statutes" like Title VII, that are "based on the 'lodestar', i.e., the

9

number of hours worked multiplied by the prevailing hourly rates . . ." Perdue, 130 S. Ct at 1669.

In the instant case the relief obtained by the Plaintiff was substantial, $140,000.00. The jury's award was for compensatory damages only. Economic damages have not yet been determined. The Supreme Court in Hensley v. Eckerhart, 461 US 424, 103 S Ct. 1933 (1983), expressly recognized that the results obtained may serve as a basis for an upward adjustment to the lodestar. The results in the instant case should then be considered in ruling on the appropriate lodestar amount in the first instance.

An examination of some of the other Hensley and Barfield factors also reflects the lodestar figure requested by the Plaintiff is reasonable. As reflected by the hours required to be expended in the preparation of the case, the instant matter involved not only discovery and depositions but preparation of objections to two separate motions to dismiss filed by the Defendant. In addition, the Plaintiff was required to prepare an extensive brief together with supporting documents to successfully oppose the Defendant's Motion for Summary Judgment on the successful Title VII claim. A second factor in Hensley, "the novelty and difficulty of the question" would also support the Plaintiff's attorney's fee in the instant case. The Title VII issues at stake involved issues for Court resolution with conflicting testimony and Defendant's continuous claim that the Plaintiff was not subject to a hostile work environment.

"The skill requisite to perform the legal service properly" is another factor. The Plaintiff in the instant case attempted to proceed Pro Se initially but retained

counsel when an initial motion to dismiss was filed and pending. As a result it is obvious the case involved a skill which was not common among all attorneys since the instant case involved the specialty of employment law.

An additional factor is the preclusion of employment by the attorney due to the acceptance of the case. Counsel for the Plaintiff is a law office comprised of one (1) attorney. As a result, Plaintiff's counsel was precluded from working on other cases not only during the trial of the instant case, but also during pretrial proceedings of the case. (Attorney Thomas Weihing of the Plaintiff's counsel's office passed away during the first week of April 2022).

"Whether the fee is fixed or contingent" is an additional factor. In the instant case, the Plaintiff had a mixed contingency-hourly fee agreement. The Plaintiff was obligated to pay one-third the amount of her ultimate recovery with an hourly rate, established in the amount of $400.00 per hour. (Plaintiff's fee agreement attached) Thus, the total fee requested is reasonably related to the fee the Plaintiff is contractually obligated to pay.

Based on these factors, the attorney's fees of $89,880.00 as itemized on the attached billing statement is a reasonable amount.

## VI. SUCCESS OF CLAIM AND ITS EFFECT ON THE LODESTAR AMOUNT

The Supreme Court has recognized that where a civil rights suit involves multiple claims "involv[ing] a common core of facts . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim by claim basis," and that "[s]uch a lawsuit cannot be viewed as a series of discrete claims." Hensley, 461 U.S. at

435. The Supreme Court has therefore instructed district courts to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. To that end, "[t]he Supreme Court has provided that 'the most critical factor' in determining the reasonableness of a fee award is the degree of the success obtained." Chopra v. GE, 527 F.Supp. 2d 230, 252 (D. Conn. 2007), citing Farrar v. Hobby, 506 U.S. 103, 114 (1992); See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2d Cir. 1998) ("When a plaintiff has achieved substantial success in the litigation but has prevailed on fewer that all of his claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with claims on which he succeeded.")

The Second Circuit has held that "[i]n order to recover on the entire fee incurred on both successful and unsuccessful causes of action, the claims must be "inextricably intertwined" and involve a common basis in fact or legal theory. Chopra, 527 F. Supp. 2d at 251-252, citing Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1183 (2d Cir. 1996). "Where the district court determines that the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee." Reed, 95 F.3d at 1183, quoting Dominic v. Consolidated Edison of New York, Co., 822 F.2d 1249, 1259 (2nd Cir. 1987). See also Hensley, 461 U.S. at 435.

In Chopra, the plaintiff won his claim that the defendant had retaliated against him for complaining about wrongful discrimination based on race, national origin, and age.  However, "[t]he Court granted summary judgment on plaintiff's claims of promissory estoppel, negligent misrepresentation, discrimination and negligent infliction of emotional distress" and the jury did not find for the plaintiff on his claims of retaliation based on FMLA activity. Chopra, 527 F. Supp. 2d at 252.  The Court concluded that the "negligent misrepresentation and promissory estoppel claims are unrelated to the adverse employment action."  The Court further held that "[t]he FMLA claim is distinguishable from the other [successful] retaliation claims, which evolved from plaintiff's claims of discrimination." Id. Based on those findings, the Court reduced the fee amount "by 10% for work related to negligent misrepresentation and promissory estoppel, and 10% for the FMLA claim." Id. However, the Court did not reduce the fee award with respect to the "unsuccessful" discrimination claim because it was "inextricably intertwined" with the successful retaliation claim.  Rather, the Court made an upward adjustment on the remaining attorneys' fees, including added fees in relation to post-trial motions "to reflect the 'results obtained' on the claims submitted to the jury" Id.

As the Second Circuit has explained, because the Supreme Court has said that the district court "should focus on the overall relief obtained by the plaintiff in relation to the hours expended on the litigation," where "the factual and legal theories underlying [plaintiff's] discrimination claim [are] inextricably

13

intertwined with those underlying [her] retaliatory discharge claims," and the plaintiff recovers essentially the same relief on the retaliation claim as she would have on the discrimination claim, an award of the full lodestar amount, without any reduction for time spent on the unsuccessful discrimination claim, is justified.  Dominici, 822 F.2d at 1259-60, quoting Hensley, 461 U.S. at 435.

Based on the above case law, the award of attorney's fees in the instant case should not be reduced based on the jury's verdict finding in favor of the Plaintiff on her hostile work environment claim but not on her quid pro quo claim.  Both claims involved a common basis in fact and similar legal theory, discrimination based on gender. Both claims were inextricably intertwined and as a result no reduction in attorney's fees should be made.

**VII.    PLAINTIFF IS ENTITLED TO RECOVERY OF LITIGATION COSTS.**

Traditionally, costs of litigation recoverable by the prevailing party have been limited to those authorized by Rule 54(d), Fed. R. Civ. P., and enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987) (28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)"). However, "where attorneys' fees are expressly authorized by statute. . . Rule 54(d) is no longer relevant." Wheeler v. Durham City Board of Educ., 585 F.2d 618, 623 (4th Cir. 1978). Thus, civil rights statutes which expressly authorize attorneys' fees have been interpreted to allow compensation for reasonable costs of litigation over and above those enumerated in 28 U.S.C. § 1920, such as attorneys' travel expenses. See,

14

e.g., <u>Soc'y for Good Will to Retarded Children v. Cuomo</u>, 574 F. Supp. at

1002. Of particular relevance to the present case;

> Title VII's provision on costs has been construed as a supplemental power
>
> conferred upon courts "to award those reasonable out-of-pocket expenses
>
> incurred by the attorney which are normally charged to a fee-paying client
>
> in the course of providing legal services." <u>Noble v. Herrington</u>, 732 F.
>
> Supp. 114, 118 (D.D.C. 1989) (citations omitted).

It is clear, then, that reasonable attorneys' expenses may be recovered by

the prevailing party in civil rights cases as a part of the attorneys' fees.

An award for costs such as copying, milage, meals and postage including

overnight delivery to the prevailing party is appropriate in a federal civil rights

actions when such fees are usually separated charged. <u>Sussman v. Patterson</u>,

108 F.3d, 1206 (10th Cir. 1997). These expenses of litigation are distinct from

statutory costs (which have also been filed by the Plaintiff with the Court) or the

award of attorney's fees for the actual time reflected in hourly billing rates. The

Plaintiff will submit an itemization of these litigation costs.

For the foregoing reasons the Plaintiff requests that this instant motion be

granted.

THE PLAINTIFF

BY_____/s/_____

JOHN T. BOCHANIS ct 00138
Daly, Weihing & Bochanis, LLC
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500

15

## **CERTIFICATION**

This is to certify that on August 25, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_/s/_
JOHN T. BOCHANIS

# Affidavit of John T. Bochanis

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA MIRO** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **3:20-CV-00346-SALM** |
| | : | |
| **V.** | : | |
| | : | |
| **CITY OF BRIDGEPORT** | : | |
| **Defendant** | : | **AUGUST 25, 2023** |

### AFFIDAVIT OF JOHN T. BOCHANIS IN SUPPORT OF
### MOTION FOR ATTORNEY FEES AND COSTS

I, John T. Bochanis, hereby depose and state as follows:

1) I am over the age of eighteen (18) years and believe in the obligation of an oath;

2) I am familiar with the facts contained herein;

3) I am associated with the law offices of Daly, Weihing & Bochanis, LLC, counsel for the Plaintiff, Lisa Miro, in the above captioned matter. Since the first week of April 2022, upon the death of my law partner, Thomas Weihing, I am the sole attorney in our office.

4) The Plaintiff was the prevailing party in the above captioned matter.

5) The jury verdict for the Plaintiff in the instant matter rendered on August 11, 2023 was in the amount of $140,000.00 for non-economic damages pertaining to the Plaintiff's Title VII claim.

6) My standard hourly rate is $400.00. This is the hourly rate I charge clients for employment related matters.

1

7) Our firm has initiated and defended employment cases in State and Federal courts and before administrative agencies. I consider such action to be complex litigation for which we charge our normal hourly rate of $400.00 per hour.

8) Because of substantial risk of contingency fee litigation and because such fees are not paid until the completion of the litigation, (in this case two (2) years). When asked to handle a case on a contingency fee basis, we attempt to make an evaluation of the prospects for the recovery and for the amount of the recovery. Clients are also responsible for all out-of-pocket expenses.

9) Of the large number of potential Plaintiffs who consult with our firm for employment cases, we limit the number we accept as clients based on the prospects for recovery and the amount of potential recovery. The number of cases accepted would be even lower if not for the fee awarding statutes similar to 42 USCA §2000e-5(k).

10) Counsel verifies the attached motion for attorney's fees and costs, billing summary and copies of bills paid.

11) Our office entered an appearance on this matter on September 10, 2021. Since opening the file, we have performed numerous task in connection with this action including but not limited to preparing and filing objections two motions to dismiss filed by the defendant, exchanging documentary discovery, preparing and reviewing documentary discovery, taking a deposition of John Ricci, attending the deposition of the Plaintiff, which

2

was held over three different days, preparing an objection to the

Defendant's Motion for Summary Judgment, attending settlement

conferences, preparing a trial management report, preparing for trial,

attending Voir Dire and Trial of the case (five days), preparing motion for

attorney's fees, costs, prejudgment interest.

12) I was admitted to the practice of law in 1984 and have worked at Daly,

Weihing & Bochanis, LLC, since 1984. I was admitted to the practice of

law in the State of Connecticut on November 1, 1984, I was admitted to

I am familiar with attorney's fees and attorney's hourly rates in the State of

Connecticut, including Fairfield County and believe that $400.00 per hour

for attorney's fees is commensurate with rates of other comparable law

firms for attorney's fees with comparable experience, knowledge, and skill.

_____
JOHN T. BOCHANIS

Subscribed and sworn to before me on the ___25TH___ day of __AUGUST 2023__

_____

Leonard Dzienis
Notary Public
My Commission Expires __1-31-26__

Leonard C Dzienis
NOTARY PUBLIC
State of Connecticut
My Commission Expires 1/31/2026

# Attorney Fee Billing

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA MIRO** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **3:20-CV-00346-VAB** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF BRIDGEPORT** | : | |
| **Defendant** | : | **AUGUST 25, 2023** |

## ATTORNEY'S TIME LOG / FEES

| <u>Date</u> | <u>Description</u> | <u>Time (Min.)</u> |
|---|---|---|
| 09/09/21 | Preparation for Plaintiff's deposition (2:30) | 270 |
| 09/10/21 | Deposition of Plaintiff (7:00) | 420 |
| 09/10/21 | Filing Notice of Appearance | 20 |
| 09/14/21 | Preparation for Plaintiff's deposition (2:00) | 120 |
| 09/15/21 | Deposition of Plaintiff (2:00) | 120 |
| 09/16/21 | Receipt and review of Defendant's Motion to Compel Plaintiff to stand for Independent Medical Examination | 30 |
| 09/30/21 | Receipt and review of Defendant's Motion for Extension of Time to designate trial experts | 20 |
| 10/01/21 | Receipt and review of Court Order re: Motion for Extension of Time to designate trial experts; Review of file | 30 |
| 10/05/21 | Preparation for Plaintiff's deposition (3:00) | 180 |
| 10/06/21 | Deposition of Plaintiff (2:00) | 120 |
| 10/10/21 | Receipt and review of Court Order re: Motion to Dismiss and additional time to supplement; Review of file | 40 |
| 10/19/21 | Receipt and review of renewed Motion to Compel Independent Medical exam; Receipt and review of court orders on Motion to Compel | 30 |
| 11/03/21 - 11/04/21 | Receipt and review of Court Order re: Renewed Motion for Medical Examination; Conversation with client | 60 |
| 11/17/21 | Receipt and review of Motion to Compel Responses for Production | 30 |

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|---|---|---|
| 11/18/21 | Receipt and review of Court Orders re: Status conference; Order to attend Medical Examination; Motion to Amend/Correct deadlines for expert witnesses | 30 |
| 11/22/21 - 11/23/21 | Preparation and filing of Notice of Compliance with Court Order; Receipt and review of Defendant's Notice of Compliance with Court Order | 40 |
| 11/29/21 - 11/30/21 | Telephonic status conference with court; Preparation for status conference; Receipt and review of court order granting Motion to Compel | 60 |
| 12/01/21 | Preparation and filing of Notice of Appearance | 20 |
| 12/06/21 | Receipt and review of Court Orders re: Settlement Conference | 20 |
| 12/06/23 | Preparation and filing of Joint Motion - Settle Conference; Receipt and review of court order referring case to Judge Richardson for settlement | 60 |
| 12/07/21 - 12/08/21 | Preparation and filing of Notice of Compliance with Requests for Production (3:00) | 180 |
| 12/13/21 | Receipt and review of Motion for Extension of Time to Disclose Expert Witnesses; Order granting Motion for Extension of Time | 20 |
| 12/28/21 | Preparation and filing Motion for Extension of Time to Disclose Expert Witnesses | 30 |
| 12/29/21 | Receipt and review of court order to extend time to disclose expert witnesses. | 10 |
| 01/14/22 | Receipt and review of court order disclosure of expert opinion; correspondence to client | 20 |
| 01/14/22 | Preparation and filing of extension of time re: Discovery | 20 |
| 01/14/22 | Preparation and filing of Amended Motion for Extension | 30 |
| 01/14/22 | Preparation and filing of Amended Motion for Extension | 20 |
| 01/18/22 | Receipt and review of court order re: Discovery | 10 |
| 01/24/22 | Receipt and review of court order re: Defendant's Motion for Status Conf; review of file | 20 |

2

## ATTORNEY'S TIME LOG / FEES

| <u>Date</u> | <u>Description</u> | <u>Time (Min.)</u> |
|---|---|---|
| 02/02/22 | Receipt and review of court order re: Status Conference scheduling | 10 |
| 02/10/22 | Preparation of Motion for Extension of Time for oral argument on Motion to Dismiss; Receipt and review of court order | 30 |
| 02/10/22 | Receipt and review of court order granting Motion for Extension of Time | 10 |
| 03/15/22 | Preparation of Ex-parte Settlement Conference Memorandum; conversation with client (2:20) | 140 |
| 03/17/22 | Preparation of Ex-parte Settlement Conference Memorandum; conversation with client (3:00) | 180 |
| 03/18/22 | Preparation of Ex-parte Settlement Conference Memorandum; review of file and damage analysis (3:30) | 210 |
| 03/25/22 | Settlement Conference (Judge Richardson) (2:55) | 175 |
| 03/28/22 - 03/29/22 | Preparation for hearing on Motion to Dismiss; Court hearing on Motion to Dismiss (3:20) | 200 |
| 03/29/22 | Receipt and review of court order - re (D) Rule 12(b)(1) - (P) 4 & 5 stay in regard to termination for reporting harassment / Claims for retaliation re filing CT Labor & complaints re Union job Dismissed | 10 |
| 04/27/22 - 04/28/22 | Receipt and review of Defendant's Motion to Dismiss; Review of file (2:00) | 120 |
| 05/09/22 | Preparation and filing of Motion for Extension of time to respond to Defendant's Motion to Dismiss | 20 |
| 05/09/22 | Receipt and review of court order granting Extension of Time | 10 |
| 05/31/22 | Preparation of Objection to Defendant's Motion to Dismiss (5:30) | 330 |
| 06/01/22 | Preparation of Objection to Defendant's Motion to Dismiss (3:00) | 180 |
| 06/02/22 | Preparation and filing of Objection to Defendant's Motion to Dismiss (4:00) | 240 |
| 06/08/22 | Receipt and review of Defendant's Motion for Extension of Time to file a reply to Plaintiff's Objection to Motion to Dismiss | 10 |

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|------|-------------|-------------|
| 06/09/22 | Receipt and review of court's order re: Defendant's Motion for Extension of Time to file reply brief | 10 |
| 06/30/22 | Receipt and review of Defendant's reply brief to Plaintiff's Objection to Motion to Dismiss; Review of file | 30 |
| 07/27/22 | Receipt and review of Defendant's Motion for Extension of Time to file Motion for Summary Judgment; Receipt and review of court order | 20 |
| 07/27/22 | Receipt and review of court order granting in part Defendant's Motion for Extension of time | 10 |
| 08/11/22 | Receipt and review of court ruling on Defendant's Motion to Dismiss; Correspondence to client | 40 |
| 09/01/22 | Receipt and review of Answer and Special Defenses | 30 |
| 09/07/22 | Receipt and review of Defendant's Motion for Summary Judgment (2:20) | 140 |
| 09/19/22 | Motion for Extension of Time to Reply to Defendant's Motion for Summary Judgement | 20 |
| 09/19/22 | Preparation and filing of Motion for Extension of Time to Object to Defendant's Motion for Summary Judgment | 30 |
| 09/20/22 | Receipt and review of court order granting Motion for Extension of Time | 20 |
| 10/10/22 | Preparation of Objection to Defendant's Motion for Summary Judgment (3:20) | 200 |
| 10/11/22 | Preparation of Objection to Defendant's Motion for Summary Judgment (4:00) | 240 |
| 10/12/22 | Preparation and filing of Motion for Extension of Time re Defendant's Motion for Summary Judgment | 20 |
| 10/11/22 | Preparation of Objection to Defendant's Motion for Summary Judgment (4:30) | 270 |
| 10/13/22 | Receipt and review of court order granting Motion for Extension of Time | 10 |

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|------|-------------|-------------|
| 10/14/22 | Preparation of Objection to Defendant's Motion for Summary Judgment (5:30) | 330 |
| 10/17/22 | Preparation and filing of Objection to Defendant's Motion for Summary Judgment (5:00) | 300 |
| 10/18/22 | Receipt and review of Motion for Extension of Time re Defendant's Reply in support of Motion for Summary Judgment | 10 |
| 10/19/22 | Receipt and review of court order granting Extension of Time | 10 |
| 10/20/22 | Prepare and file Statement of Material Facts re Motion for Summary Judgment (2:00) | 120 |
| 11/07/22 | Receipt and review of Defendant's Motion for Extension of Tie to respond/reply to Motion for Summary Judgment | 10 |
| 11/08/22 | Receipt and review of court order granting Motion for Extension of Time | 10 |
| 11/18/22 | Receipt and review of court order granting Motion for Extension of Time to Reply to Objection to Motion for Summary Judgment | 10 |
| 11/29/22 | Receipt and review of Defendant's Motion for Leave to File Excess pages in support of Motion for Summary Judgment | 10 |
| 11/30/22 | Receipt and review of court order granting Defendant's Motion for Leave | 10 |
| 12/05/22 | Receipt and review of Defendant's Memo in Support of Motion for Summary Judgment | 90 |
| 01/17/23 | Preparation for deposition of John Ricci (3:20) | 200 |
| 01/18/23 | Deposition of John Ricci (2:40) | 160 |
| 03/17/23 | Receipt and review of court order denying Motion for Summary Judgement; Correspondence with client (1:20) | 80 |
| 06/05/23 | Receipt and review of Defendant's Motion to Depose Ricci & Romano (De Bene Esse Depos) | 40 |
| 06/06/23 | Receipt and review of court order re: expedited briefing Schedule for Defendant's Motions to Depose and Plaintiff's response | 10 |

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|------|-------------|-------------|
| 06/12/23 | Prepararation of Memo in Opposition of Defendant's Motions to Depose de bene esse (2:30) | 150 |
| 06/14/23 | Receipt and review of Defendant's response in Support of Motions to Depose (de bene esse) | 60 |
| 06/15/23 | Receipt and review of court notice re calendared hearing re: Motions to Depose | 10 |
| 06/16/23 | Preparation and file of Motion for Extension of Time re Hearing | 30 |
| 06/19/23 | Receipt and review of court order granting Motion for Extension of Time re: hearing | 10 |
| 06/19/23 | Preparation and filing of Objection in response for Motion de bene esse Depositions (1:30) | 90 |
| 06/20/23 | Hearing on Motion re: Depositions de bene esse | 10 |
| 06/20/23 | Receipt and review of court notice re: Pretrial Conference 8/3/23 | 10 |
| 06/21/23 | Receipt and review of court order granting in part Depositions de bene esse | 20 |
| 06/22/23 | Preparation and filing of Joint Notice re: Settlement Conference | 20 |
| 06/26/23 | Receipt and review of court order referring case to Magistrate Judge for Settlement Conference | 10 |
| 06/27/23 | Preparation and filing of Motion for Extension of Time to file Joint Trial Memo | 30 |
| 06/28/23 | Receipt and review of court order granting Motion for Extension of Time and deadlines for Motions in limine | 10 |
| 07/03/23 - 07/07/23 | Preparation and filing of Trial Memo (4:50) | 270 |
| 07/07/23 | Receipt and review of Defendant's Trial Memo, Proposed Jury Instruction, Proposed Verdict Form, Proposed Voir Dire and Motions in Limine (3:00) | 180 |
| 07/09/23 | Preparation for deposition of Tara Romano (1:30) | 90 |
| 07/10/23 | Deposition of Tara Romano | 30 |

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|------|-------------|-------------|
| 07/14/23 | Receipt and review of court order re: second Settlement Conference | 10 |
| 07/14/23 | Preparation and filing of Motion for Extension of Time to file reply to Defendant's Motions in Limine | 30 |
| 07/14/23 | Preparation and filing of Motion in Limine CHRO & SBLR Decisions (2:20) | 140 |
| 07/16/23 | Receipt and review court order granting Extension of Time | 10 |
| 07/17/23 | Receipt and Review of Defendant's Motions in Limine to: limit testimony of Miller & Graziano, preclude Mancuso from testifying, preclude Ricci deposition transcript, preclude Connecticut Post Article, preclude Plaintiff's Exhibits J-S (3:30) | 210 |
| 7/1/8/23 | Receipt and review court order re: responses to all motions in limine | 10 |
| 07/18/23 | Receipt and review of Defendant's Motion in Limine to Plaintiff's Exhibit W and Supplemental Joint Trial Memo (1:30) | 90 |
| 07/19/23 | Receipt and review of Motions in Limine to preclude Release Agreement & Related claims of Gonclaves and preclude CT Post April 18, 2019 article; and Amended Supplemental Joint Trial Memo (2:00) | 120 |
| 07/19/23 | Status Conference (J. Bolden); Receipt and review of court order re: Plaintiff's response to Motions in Limine | 10 |
| 07/23/23 | Preparation for Deposition of Thomas Bucci (1:30) | 90 |
| 07/24/23 | Deposition of Thomas Bucci | 60 |
| 07/24/23 | Receipt and review of Defendant's Memo in Opposition of Plaintiff's Motion in Limine | 30 |
| 07/25/23 | Receipt and review of Defendant's Motion to Supplement Amended Trial Memo | 20 |
| 08/02/23 | Pretrial Preparation (3:30) | 210 |
| 08/03/23 | Receipt and review of Defendant's Motion to Dismiss Plaintiff's State Fair Emp Practice Claims | 60 |
| 08/03/23 | Pretrial before Judge Bolden (1:24) | 84 |

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|------|-------------|-------------|
| 08/03/23 | Receipt and review of court order re: Motions in Limine | 60 |
| 08/03/23 | Settlement Conference Preparation (2:30) | 150 |
| 08/04/23 | Receipt and review of court's General Voir Dire Questionnaire and Pre-Trial Jury Instruction | 30 |
| 08/04/23 | Settlement Conference (Judge Richardson) (2:50) | 170 |
| 08/04/23 | Receipt and review of Defendant's Motion for Clarification | 20 |
| 08/04/23 | Preparation and filing of Objection to Motion to Dismiss Plaintiff's State Fair Employment Practices Claims (2:30) | 150 |
| 08/05/23 | Receipt and review of Defendant's Reply to Response to Motion to Dismiss | 30 |
| 08/05/23 | Receipt and review of Defendant's Motion for Hearing Outside Jury | 20 |
| 08/05/23 | Receipt and review of court order denying Motion for Clarification | 10 |
| 08/05/23 | Receipt and review of court order denying as moot Motion to amend; granting Defendant's Motion to Dismiss | 20 |
| 08/05/23 | Receipt and review of court's Annotated Post-Trial Jury Instruction and Verdict Form | 20 |
| 08/08/23 | Trial Preparation (10:00) | 600 |
| 08/06/23 | Trial Preparation (11:00) | 660 |
| 08/06/23 | Receipt and review of court order denying Motion for Hearing | 10 |
| 08/07/23 | Jury Selection Trial (J. Bolden) (4:40) | 280 |
| 08/07/23 | Trial Preparation (7:00) | 420 |
| 08/08/23 | Trial (J. Bolden) (3:08) | 188 |
| 08/08/23 | Trial Preparation (7:30) | 450 |
| 08/09/23 | Trial (J. Bolden) (5:11) | 311 |
| 08/09/23 | Trial Preparation (7:00) | 420 |
| 08/10/23 | Trial & Motion Hearing (J. Bolden) (2:08) | 128 |

8

## ATTORNEY'S TIME LOG / FEES

| Date | Description | Time (Min.) |
|------|-------------|-------------|
| 08/10/23 | Trial final argument preparation (7:30) | 450 |
| 08/11/23 | Trial (J. Bolden) (2:16) | 136 |
| 08/13/23 | Preparation and filing of Trial Exhibits | 90 |
| | | |
| | Total Minutes: | 13,482 |
| | Hours | 224.70 |
| | Attorney's Fees (at $400.00/hour) | $89,880.00 |

# Fee Agreement

LAW OFFICES

# DALY, WEIHING & BOCHANIS

**1776 NORTH AVENUE**
**BRIDGEPORT, CT 06604**
Phone (203) 333-8500      Fax (203) 334-0305

## <u>AGREEMENT</u>

**Subject Matter**            **Employment Discharge Issues**

1) **Client:** The following person(s) will be known as the "Client", whose name and address is:

Lisa Miro
16 Louvain Street
Bridgeport, CT 06825

2) **Attorney:** The following attorney or law firm will be known as the "attorney"

***Daly, Weihing & Bochanis***
***1776 North Avenue***
***Bridgeport, CT 06604***

3) **Agreement:** This is an agreement between the attorney and the client. The client hires the attorney to represent the client with respect to pending files one in Superior Court Bridgeport the other in Federal Court. Both involve the termination of employment of the client by the City of Bridgeport.

4) **Expenses:** The client will pay for all expenses. The client will reimburse the attorney for all expenses paid by the attorney. "Expenses" Include court fees, investigation expenses, expert fees and all other necessary costs.

5) **Retainer:** The client agrees to pay to the attorney non-refundable retainer of $7,500. This retainer is to be used for fees only and not for costs. If the case settles, or is tried to judgement a credit will be given to the client of $7,500. Under any other circumstances no credit will be given or funds returned to the client from the non-refundable retainer.

6) The initial hiring is to review documents, assist with suggestions for further pleadings and assist in settlement discussion. Subsequently, the matter of filing an appearance in either state or federal court will be discussed.

7) **Legal Fees:** The gross recovery includes all money that is collected (recovered) from others. The net recovery is the amount of money left over after expenses are paid. The legal fees shall be based- upon the gross recovery as follows:

1

| | |
|---|---|
| 33 1/3 % of the first | $ 300,000.00 |
| 25% of the next | $ 300,000.00 |
| 20% of the next | $ 300,000.00 |
| 15% of the next | $ 300,000.00 |
| 10% of any amount exceeding | $1,200,000.00 |

No other legal fees will be charged unless an appeal is taken by any party to the suit. The attorney is not required to take an appeal. (Subject to Paragraph 5 above).

8) **Termination of Agreement**: The Client has the right to terminate the Attorney's service at any time by delivering a signed letter notifying the attorney of the termination of the attorney-client relationship. The client shall be liable for, and shall promptly pay, all fees earned if applicable and costs advanced if applicable through the time and date of our receipt of such notice of termination. Similarly, the attorney shall retain his/her right to withdraw as the client's attorney at any time, and for any reason (including, without limitation, nonpayment of my fees and costs) upon reasonable written notice to the client. (Subject to paragraph 5 above).

9) In the event that it is necessary to determine a reasonable hourly rate, it is agreed that that rate will be $400 per hour.

By signing below, I/we-agree to the terms set forth above.

Daly, Weihing & Bochanis                   Client

BY: _____   BY: _____
        Attorney Signature

DATE: ____9/22/2020____   DATE: __9/22/2020__


## File Retention or Destruction of Documents Policy

Daly, Weihing & Bochanis (the Law Firm) will retain or destroy documents created by its representation in this matter on the following basis:

   a. The word document shall include all types of printed materials kept by an attorney regarding work created for a client whether created by hand, machine or electronics.

   b. The Law Firm shall not be obligated to keep a copy of any document, as herein defined that has been returned to the client or other owner unless it is determined by the Law Firm that said copy should be kept in the client's file.

   c. All documents shall be kept for six (6) years from the date of completion of services rendered by an attorney or unless you authorize the destruction of any paperwork in your file or authorize the Law Firm to forward the documents to

you.  Any costs that may be incurred in forwarding said documents to you or in making copies based on your written request shall be your sole responsibility.

d. All original documents signed by the client and documents conferring or imposing legal rights or obligations shall be kept six years from date of such signing or the cessation of such rights or obligations whichever is longer.  No such document shall be destroyed until the client or owner is mailed written notice at least thirty (30) days before destruction of the document.

e. Documents may be copied and retained in any medium which accurately depicts the original document and from which accurate copies can be made.  The originals of any documents so copied, other than those documents in the paragraph hereinbefore set forth above need not be kept after the copying.

f. Any document which is kept as a permanent public record need not be kept after its recording.  No such document shall be destroyed unless written notification is sent to the client at least thirty (30) days before destruction of the document.

g. Subject to the above guidelines, upon the termination of the Law Firm's practice any document still being retained by the attorney should be returned to you and you shall be notified of any successor attorney agreeing to take upon the obligations of retaining those documents.

You are required by law to preserve any and all relevant electronic data which may be related to the issue for which you are seeking representation.  Electronic data includes any computer information that is fixed in a tangible form and information that is stored in a form from which it can be retrieved and examined.  Failure to preserve these items could potentially lead to sanctions against you.

Please be advised that when your matter is closed. The Law Firm will return appropriate original documents to you.  Other relevant documents will be scanned into document storage with the paper version being shredded.  We will hold your electronic file for a period of six (6) years.  At that time, you agree that the Law Firm may destroy or discard your file.  If you wish to obtain any copies of documents from your electronic file, please notify the Law Firm in writing prior to the time frame referenced above.

<u>Signatures</u>

You and the Law Firm have read and agree to this Agreement.  The Law Firm has answered all of your questions and fully explained this Agreement to your complete satisfaction.  You have been given a copy of this Agreement.

Daly, Weihing & Bochanis                    Client:

BY: _____          BY: _____
        Thomas J. Weihing

DATE: 9/22/2020                              DATE: 9/22 2020

3